UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ROGER HUTCHINSON,

                         Plaintiff,                        **SUA SPONTE**
                                                                       **REPORT AND**
                                                                        **RECOMMENDATION**

      -against-                                 20-CV-5080 (GRB)

CITY OF LONG BEACH, et al.,

                        Defendants.
-----------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

On July 13, 2020, plaintiff Roger Hutchinson ("Plaintiff") commenced this action against defendants the City of Long Beach (the "City") and Arthur Collins ("Collins"). *See generally* Compl., ECF No. 1. On September 23, 2020, Plaintiff filed the Amended Complaint, adding as defendants Art Cappernetti and John Moony. *See* Am. Compl., ECF No. 10. Plaintiff alleges causes of action arising under 42 U.S.C. § 1983 ("Section 1983"). *See id.* For the reasons described below, the Court recommends that the District Court DISMISS this case with prejudice as time-barred, as all of the causes of action alleged in the Amended Complaint are well outside the applicable statute of limitations and Plaintiff has failed to establish equitable tolling.

**A. Background**

Plaintiff filed the Complaint on July 13, 2020 and the Amended Complaint on September 23, 2020. *See generally* Compl.; Am. Compl. Plaintiff brings several causes of action in response to conduct alleged to have occurred from 2010 through "September/October 23, 2016." Order to Show Cause, ECF No. 14, at 2; *see* Am. Compl. at 6, 9. Specifically, Plaintiff alleges that the City failed to protect him from Collins, that Plaintiff was sexually harassed, and that Collins used excessive force against Plaintiff, causing Plaintiff to rupture his Achilles tendon. Am. Compl. at 4-5.

On October 29, 2020, the District Court ordered Plaintiff to show cause within 60 days as

to why his claims arising from the events alleged to have occurred from 2010-2016 were not barred by the applicable statute of limitations. Order to Show Cause at 3-4. The Court also cautioned Plaintiff that failure to timely comply with the Order absent a showing of good cause would lead to the dismissal of his claims with prejudice as time-barred. *Id.* at 3.

On December 9, 2020, Plaintiff filed a Motion for Extension of Time to File Response/Reply. Mot., ECF No. 15. The undersigned granted Plaintiff an additional 30 days to respond to the Order to Show Cause, but again cautioned Plaintiff that if he failed to show cause as to why his claims were not barred by the applicable statute of limitations, his claims would be dismissed with prejudice as time-barred. Order Granting Pl.'s Mot. in Part. Plaintiff failed to respond.

### B. Analysis

The applicable statute of limitations for a Section 1983 action is governed by "the law of the State in which the cause of action arose." *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (citations omitted); *see also Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004); *Meyer v. Frank*, 550 F.2d 726, 728 (2d Cir. 1977). "Section 1983 actions filed in New York are . . . subject to a three-year statute of limitations." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (citing *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002)). The limitations period for Section 1983 actions begins to run from the time the plaintiff "knows or has reason to know of the injury" that is the basis for his or her claim. *Pearl*, 296 F.3d at 80 (citation and internal quotation marks omitted); *see also Jaghory v. N.Y. State De''t of Educ.*, 131 F.3d 326, 331-32 (2d Cir. 1997); *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980)). Additionally, prejudice is assumed in the case of individuals sued after the statute of limitations has run. *Zapata v. City of New York*, No. 05 Civ. 4799 (CLB), 2006 WL 8461780, at *1-2 (S.D.N.Y. Jan. 31, 2006).

When it is apparent "from the face of the complaint that the action is barred, for example by expiration of the statute of limitations," a court may dismiss a complaint *sua sponte*. *Baker v. Cuomo*, 58 F.3d 814, 819 (2d Cir. 1995), *vacated on other grounds*, 85 F.3d 919 (2d Cir. 1996) (en banc); *see also Leonhard v. United States*, 633 F.2d 599, 609 n.11 (2d Cir. 1980) (district court

may dismiss complaint *sua sponte* on statute of limitations grounds); *Bloch v. Pike*, No. 09-CV-5503 (RRM), 2010 WL 2606355, at *3 n.5 (E.D.N.Y. May 20, 2010) (fraud claim dismissed *sua sponte* on statute of limitations grounds after court ordered plaintiff to explain why claims should not be dismissed as time-barred). Critically, however, a court may *sua sponte* dismiss a complaint as time-barred only if the plaintiff is given notice and an opportunity to be heard. *See Abbas v. Dixon*, 480 F.3d 636, 640-42 (2d Cir. 2007) (district court erred in dismissing *sua sponte* Section 1983 claims as time-barred without granting prisoner-plaintiff notice and opportunity to be heard); *cf. Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (district courts permitted to dismiss *sua sponte* state prisoner's habeas petition as time-barred when parties given notice and opportunity to be heard).

In rare cases, the principle of equitable tolling may prolong the allowable time for filing a complaint under Section 1983. *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (citing *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004)). The equitable tolling doctrine "applies where it would be unjust to allow a defendant to assert a statute of limitations defense, because the defendant's affirmative wrongdoing . . . produced the long delay between the accrual of the cause of action and the institution of the legal proceeding." *Willensky v. Lederman*, No. 13-CV-7026 (KMK), 2015 WL 327843, at *6 (S.D.N.Y. Jan. 23, 2015) (internal quotation marks and citation omitted); *see also Abbas*, 480 F.3d at 642 (equitable tolling "may be invoked . . . when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action"); *Brown v. Parkchester S. Condos.*, 287 F.3d 58, 60 (2d Cir. 2002) (noting that equitable tolling is properly applied "where the plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time period") (citation, internal quotation marks omitted).

To determine whether equitable tolling applies, the person seeking application of the doctrine "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Castang v. Geimano*, No. 19-CV-7178 (BMC) (LB), 2020 WL 5531553, at *2 (E.D.N.Y. Sept. 15, 2020) (citing *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003)). "This standard is very high." *Id.*, at *2 (finding

that plaintiff did not meet the difficult standard for equitable tolling where he claimed that he lacked legal knowledge due to his *pro se* status and that he was unable to obtain a lawyer). Further, the "burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff." *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000) (citation omitted).

Plaintiff's Section 1983 claims arise from conduct alleged to have occurred from an unspecified date in 2010 through "September/October 23, 2016," and thus are well outside the three-year statute of limitations. *See* Am. Compl.; *Hogan* 738 F.3d at 517. Specifically, Plaintiff's claims under Section 1983 accrued as follows: (1) with respect to excessive force, in May 2015; (2) with respect to sexual harassment, on April 15, 2016; and (3) with respect to the City's failure to protect Plaintiff, from 2010-2016. *See* Am. Compl. at 4. Accordingly, since Plaintiff "kn[ew] or ha[d] reason to know of the injur[ies]" that were the basis of his claims, he was required to commence his excessive force, sexual harassment, and failure to protect claims on or before May 2018, April 15, 2019, and 2019 respectively. *See Pearl*, 296 F.3d at 80 (citation omitted); *see also Jaghory*, 131 F.3d at 331-32; *Singleton*, 632 F.2d at 191. Since Plaintiff did not commence this action until July 13, 2020, his Section 1983 claims are time-barred.

Further, Plaintiff was given notice that his claim would be dismissed and was granted multiple opportunities to be heard. *See Bloch*, 2010 WL 2606355, at *3 n.5. On October 29, 2020, the Honorable Gary R. Brown granted Plaintiff 60 days to show cause as to why his claims were not barred by the applicable statute of limitations. Order to Show Cause at 3. Plaintiff was also cautioned that his failure to timely comply with the Order to Show Cause would result in the dismissal of his claims with prejudice as time-barred. *Id.* at 4. Plaintiff requested additional time to respond to the Order to Show Cause. *See* Mot. The undersigned granted Plaintiff an additional 30 days to respond, and cautioned him for a second time that if he failed to show cause as to why his claims were not barred by the applicable statute of limitations, they would be dismissed with prejudice as time-barred. Order Granting Pl.'s Mot. in Part. Plaintiff never filed a response. It is apparent from the face of the Amended Complaint that Plaintiff's claims are time-barred, and it is clear that Plaintiff has had both notice of the statute of limitations issue and an opportunity to be

4

heard on it. *See Abbas*, 480 F.3d at 640-42; *see generally* Am. Compl. Therefore, this Court respectfully recommends that the District Court dismiss Plaintiff's claims *sua sponte*. *See Baker*, 58 F.3d at 819; *see also Leonhard*, 633 F.3d at 609 n.11.

Although a statute of limitations generally may be extended under the doctrine of equitable tolling, Plaintiff has not alleged a basis to equitably toll the three-year statute of limitations. *See* Compl.; Am. Compl.; *see also Willensky*, 2015 WL 327843, at *6; *Abbas*, 480 F.3d at 642; *Brown*, 287 F.3d at 60. Plaintiff acknowledges that he "may [have] waited to[o] long to bring suit." Am. Compl. at 10. He also failed to respond to the District Court's Order to Show Cause, despite being given an extension and several warnings of dismissal. *See* Order to Show Cause; Order Granting Pl.'s Mot. in Part. Thus, Plaintiff did not meet his burden in establishing equitable tolling because he has not made even the most cursory attempt to demonstrate that he pursued his rights diligently or that he was prevented from asserting his rights by some extraordinary circumstances. *See Castang*, 2020 WL 5531553, at *2.

## C. Conclusion

This Court respectfully recommends that the District Court DISMISS Plaintiff's claims with prejudice as time-barred. The Clerk of the Court is respectfully directed to mail a copy of this Report and Recommendation to Plaintiff forthwith and electronically file proof of service.

**D. Objections to this Report and Recommendation**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x. 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x. 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　　　　　　　Steven L. Tiscione
　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge
　　　　　　　　　　　　　　　　　　　　　　　　　Eastern District of New York

Dated: Central Islip, New York
　　　　July 22, 2021